UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal Case No. 16-233 (RCL) |
| | ) |
| THOMAS TAYLOR, | ) |
| Defendant. | ) |

## MEMORANDUM OF FINDINGS OF FACT AND STATEMENT OF REASONS IN SUPPORT OF ORDER OF PRETRIAL DETENTION

### I. INTRODUCTION

Defendant Thomas Taylor is charged, with co-defendant Tyrone Trice, with one count of Unlawful Distribution of One Hundred Grams or More of a Mixture and Substance of Phencyclidine in violation of title 21 United States Code §§ 841(a)(1) and 841(b)(1)(B)(iv).[1] The indictment also includes criminal forfeiture allegations, pursuant to 21 U.S.C. § 853(a), including in the amount of $4,800. Mr. Taylor has also been charged in D.C. Superior Court case 2017-CMD-18716 with one count of Simple Assault and one count of Possession of a Prohibited Weapon (Knife).

At arraignment on November 6, 2017, the Government made an oral motion for temporary detention of Mr. Taylor. Magistrate Judge Harvey granted the motion for a three-day

---

[1] This charge was listed as Count Three on the indictment. The indictment also includes two additional charges against co-defendant Tyrone Trice: (1) Unlawful Distribution of One Hundred Grams or More of a Mixture and Substance Containing a Detectable Amount of Phencyclidine, in violation of Title 21, United States Code §§ 841(a)(1) and 841(b)(1)(B)(iv) and (2) Unlawful Distribution of a Mixture and Substance Containing a Detectable Amount of Phencyclidine, in violation of Title 21, United States Code §§ 841(a)(1) and 841(b)(1)(C). On August 30, 2017, Mr. Trice pleaded guilty on Count One and is awaiting sentencing.

1

hold and set a detention hearing for November 9, 2017. This Court held the detention hearing on that date.

Upon consideration of the Government's Memorandum for Pretrial Detention as to Mr. Taylor (ECF No. 18) and the oral representations of both parties at the detention hearing, Mr. Taylor was ordered held without bond pursuant to 18 U.S.C. § 3142(e). The findings of fact and statement of reasons in support of the Order of Detention are set forth below.

## II.     LEGAL STANDARD

The Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, provides that a defendant may be detained pending judicial proceedings where the government carries its burden of establishing that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* at § 3142(e), (f). The government must first establish one of the predicates: (1) that, beyond a preponderance of the evidence, defendant poses a risk of flight, *United States v. Xulam*, 84 F.3d 441, 443 (D.C. Cir. 1996); or (2) that, by clear and convincing evidence, defendant has been shown to pose a risk to the safety of any person or the community, 18 U.S.C. § 3142(f); *United States v. Peralta*, 849 F.2d 625, 626 (D.C. Cir. 1988). The Court must then determine that the same evidence leads to the conclusion that no condition or conditions of release will reasonably protect against the risk that has been found.

"In determining whether the release of the defendant would endanger the community, the court must consider any available information concerning [1] the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; [2] the weight of the evidence against the person; [3] various personal information including character, employment, past conduct, and so on; and [4] the nature and seriousness of the danger

2

to any person or the community that would be posed by the person's release." *United States v. Smith*, 79 F.3d 1208, 1209 (D.C. Cir. 1996) (internal quotations omitted) (citing 18 U.S.C. § 3142(g)).

There is a presumption that a defendant should be detained before trial if the court finds probable cause to believe that a defendant committed "an offense for which a maximum term of imprisonment is ten years or more [as] prescribed in the Controlled Substances Act." 18 U.S.C. § 3142(e)(3)(A). The Court "may rely on a grand jury indictment to establish probable cause for the purposes of triggering the rebuttable presumption of section 3142(e)." *United States v. Williams*, 903 F.2d 844 (D.C. Cir. 1990). The court will "presume[] that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3). A defendant may rebut this presumption if he offers "credible evidence" to the contrary. *Id.*; *United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985).

### III. DISCUSSION

The grand jury's indictment, "fair upon its face," furnishes probable cause to believe that the Mr. Taylor committed the acts that constitute this offense. See *Gerstein v. Pugh*, 420 U.S. 103, 117 n.19 (1975); *Williams*, 903 F.2d 844. The charged offenses here are punishable by a maximum term of imprisonment of ten years or more. This creates a presumption of pretrial detention.

The Government proffers that Mr. Taylor sold, on two occasions, a mixture containing a detectable amount of phencyclidine (PCP) to an undercover officer with the Metropolitan Police Department. Because one of the transactions occurred in Maryland, Mr. Taylor is only charged in this Court with one count of Distribution. In its Memorandum, the Government provides a

3

detailed account of the transactions. On June 17, 2016, Mr. Taylor gave one bottle of PCP to the undercover officer in exchange for $1,400. On July 21, 2016, Mr. Taylor was involved in the sale of eight ounces of PCP to an undercover officer in exchange for $2,000.[2] Both transactions were digitally recorded by law enforcement. Mr. Taylor has a history of criminal conduct, including two felony convictions related to narcotics trafficking—one in 1999 and the other in 2002— and eleven other criminal cases in the District of Columbia. In addition, Mr. Taylor was recently charged in D.C. Superior Court on two misdemeanor charges of assault and possession of a prohibited weapon. The Government also proffers that Mr. Taylor does not have a full time job and has a limited history of employment.

In response, Mr. Taylor argues that his previous felony convictions are over fifteen years old. He also notes that he was arrested in his apartment on the assault charge and the possession of a prohibited weapon charge (both charges are in D.C. Superior Court) is based on the fact that the police found a knife in his apartment. The defense asks that Mr. Taylor be allowed to remain in his apartment and given an ankle bracelet, which would ensure his presence for trial.

## IV.   FINDINGS OF FACT

Upon consideration of the factors enumerated at § 3142(g) of the Bail Reform Act, the Court finds by clear and convincing evidence that Mr. Taylor has been shown to pose a risk to the safety of the community, and no condition or conditions of release would reasonably protect

---

[2]   Mr. Taylor did not personally give the PCP to the undercover officer on this occasion. Rather, the undercover officer contacted Mr. Taylor the day before the sale regarding the purchase of PCP. According to the Government's memorandum, Mr. Taylor informed the undercover officer of the price and agreed to meet the next day. The following day, the undercover officers arrived at the agreed meeting location and identified Mr. Trice driving a vehicle occupied by three individuals. The officers were unable to confirm the identity of the three individuals. After attempting to call Mr. Taylor, the undercover officer called Mr. Trice, who agreed to contact Mr. Taylor. Soon thereafter, Mr. Trice and an unidentified individual exited their vehicle. The unidentified individual gave the undercover officer two bottles of PCP in exchange for $2,000. They returned to the vehicle, which was still occupied by two others, and left the location. The Government notes that one of the other individuals in the car may have been Mr. Taylor.

4

against that risk. First, the Court finds that the nature and circumstances of the offenses clearly indicate that Mr. Taylor distributed large quantities of illegal narcotics in the D.C. area. Second, the strength of the evidence against Mr. Taylor is quite strong. Both transactions by the undercover officer were digitally recorded. Third, the Court finds that the Mr. Taylor's release would pose a serious danger to the community. The sale of narcotics is an inherently dangerous activity, and Mr. Taylor poses a danger to the community through his PCP distribution. Further, Mr. Taylor's being otherwise unemployed, and his history of convictions for selling drugs indicate that drug sales are his primary means of income. The defense has failed to rebut the presumption that no condition or combination of conditions can reasonably assure the safety of the community.

V.     **CONCLUSION**

On the basis of the foregoing findings of fact and reasons, Mr. Taylor will be held without bond pursuant to the November 9, 2017 Order of Detention.

_signed: Royce C. Lamberth_      11/9/17
ROYCE C. LAMBERTH      Date
United States District Court